UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

MICHAEL T. DOYLE,

Chapter 11
Case No. 19-23231 (SHL)

Debtors.
----------------------------------------------------------------X


## DISCLOSURE STATEMENT
## AND DEBTORS' PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE


**BARR LEGAL**PLLC
**Attorneys for Debtors**
**80 Red Schoolhouse Road**
**Suite 110**
**Spring Valley, NY 10977**
**(845) 352-4080**
**hbarr@barrlegal.com**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

MICHAEL T. DOYLE,

                                    Chapter 11
                                    Case No. 19-23231 (SHL)

                      Debtors.
----------------------------------------------------------X

## I.

## Introduction

Michael T. Doyle, is soliciting votes to accept or reject his Plan of Reorganization. A copy of the Plan is attached as Exhibit A to this Disclosure Statement. Michael T. Doyle is referred to as the "Debtor". The Debtor is an individual and not a public company. Please refer to the definitions contained in the enclosed Plan.

**You should read the Plan carefully, and in the event of any inconsistencies between the Plan and this Disclosure Statement the Plan controls.**

The Debtors' Plan of Reorganization is being filed simultaneously herewith, and provides for the payment of a dividend to various classes of Creditors, without interest, over a period of Five (5)  years, with payments to be made semi-annually.  The first payment will be made six (6) months from the Effective Date. Debtors' continuation of his existing businesses will, in Debtors' estimation, provide cash flow sufficient to meet the Plan's obligation.

The purpose of this Disclosure Statement is to provide sufficient information to enable the creditors of the Debtor who are entitled to vote to make an informed decision on whether to accept or reject the Plan.  This Disclosure Statement describes:

- the treatment of creditors and the conditions to distribution and the Effective Date under the Plan;

- how to submit a vote on the Plan and who is entitled to vote;

- certain financial information about the Debtor, including Debtor's 5-year projections of disposable income during the Five (5) year period beginning on the date that the first payment is made under the Plan;

- the businesses of the Debtor and the reasons why he commenced this Chapter 11 case;

- significant events that have occurred in the Debtors' Chapter 11 case;

- how distribution under the Plan will be made;

- certain factors creditors should consider before voting;

- the procedure for confirming the Plan; and

- alternatives to Confirmation of the Plan.

This Disclosure Statement and the Plan are the only materials creditors and equity holders should use to determine whether to vote to accept or reject the Plan.

> **If you are entitled to vote on the Plan, a Ballot has been included with this Disclosure Statement. The last day to vote to accept or reject the Plan is _____, 2023  To be counted, your Ballot must be completed, signed and actually received by counsel for the Debtor by this date. The last day to object to Confirmation of the Plan and/or the adequacy of this Disclosure Statement is _____, 2023.  Objections must be timely filed with the Bankruptcy Court and served on Barr, Legal,PLLC, counsel to the Debtor with a copy to the Court's chambers, so as to be actually received by them five (5) days before such date.**

**The Bankruptcy Code provides that only creditors and equity holders who vote on the Plan will be counted for purposes of determining whether the requisite acceptances have been attained.  Failure to timely deliver a properly completed**

Ballot by the voting deadline will constitute an abstention (will not be counted as either an acceptance or a rejection), and any improperly completed or late Ballot will not be counted.

IRS CIRCULAR 230 NOTICE: TO ENSURE COMPLIANCE WITH IRS CIRCULAR 230, HOLDERS OF CLAIMS ARE HEREBY NOTIFIED THAT: (A) ANY DISCUSSION OF FEDERAL TAX ISSUES CONTAINED OR REFERRED TO IN THIS DISCLOSURE STATEMENT IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY HOLDERS OF CLAIMS FOR THE PURPOSE OF AVOIDING PENALTIES THAT MAY BE IMPOSED ON THEM UNDER THE INTERNAL REVENUE CODE; (B) SUCH DISCUSSION IS WRITTEN IN CONNECTION WITH THE PROMOTION OR MARKETING BY THE DEBTORS OF THE TRANSACTION OR MATTER.

## II.

## Treatment of Creditors Under the Plan

The Plan governs the treatment of Claims and Interests. The table in section II.B. below summarizes the treatment for each Class. The table is followed by a description of the types of Claims or Interests in each Class and a description of the treatment for each Class under the Plan.

## A.     Outline of the Plan

The Plan provides for a stand-alone reorganization of the Debtor around his businesses operating Irish Pub style restaurants and his own residence. Since the Petition Date, the Debtor has been engaged in these activities full time. For most of the time since the filing of the petition the Debtor was ether closed or required to navigate the

New York Covid Restrictions. When permitted, he did resume operations and only recently, with the return of workers to offices has business improved.

## B.    Summary of Classification and Treatment

The following table divides the Claims against the Debtor into separate Classes and summarizes the treatment for each Class.  The table also identifies which Class is entitled to vote on the Plan based on rules set forth in the Bankruptcy Code.  Finally, the table indicates an estimated recovery for each Class.

•    The Debtor projects that the aggregate amount of Allowed Unsecured Claims against the Debtor totals approximately $75,000.00.  See the discussion below on the estimated amounts and types of Claims making up these Classes.

| Class | Description | Treatment | Entitled to Vote | Estimated Recovery | Amount of Estimated Claim |
|---|---|---|---|---|---|
| 1 | Allowed Secured Claims | Payout in full in accordance with terms of contract, or pursuant to stipulation between the parties. As to the first mortgage on Debtor's principal residence see description in (Class 1) | No | 100% | $267,970.00 *1 |
| 2 | Allowed Other Priority Claims | Payments in full in Cash on the Effective Date of the Allowed amount of such Claims.  The Debtor does not believe any such claims exist. | No | 100% | -0- |
| 3 | Allowed Priority Tax Claims | Portions of these claims may not be entitled to priority in accordance with § 507(A) of the Bankruptcy Code. | No | 100% or pursuant to stipulation | $75,751.00 *2 |

| 4 | Allowed Contingent Claims | Payment of the greater of an equal amount or Twenty Five (25) Percent of the Allowed Claim over a period of Five (5) years with semi-annual Cash payments, without interest, commencing six (6) months after the Effective Date of the Plan. | Yes | 25% without interest over 5 years or in accordance with previously approved stipulation. | $496,491.00 *3 |
|---|---|---|---|---|---|
| 5 | Allowed Lease Rejection Claims | Payments of Ten (10) Percent of Allowed Claims pursuant to 11 USC § 506(b) 6, or payment of Allowed Claim, if less than said amount over Five (5) years, without interest, commencing Six (6) months after the effective date of the Plan. | No | 10% without interest over 5 years in equal annual payments. | $500,000.00 *4 |
| 6 | Allowed General Unsecured Claims | Payment of Twenty Five(25) percent of claim approved and allowed over five (5) years, without interest, payable semi-annually at 2.5 percent per payment commencing Six (6) Months after the effective date of the Plan. | Yes | 25% without interest over 5 years in semi annual payments. | $75,000.00 *5 |
| 7 | Debtors Interest | Debtor to receive all remaining estate assets. | No | Any or all remaining Assets | -0- |

*1 – As at 8/3/2021 the Amended Proof Claim is for $267,970.92. Debtor believes that additional post-petition charges have accrued.

*2 – Debtor intends to object to this Claim as a significant portion of same has been and is being liquidated by the responsible party.

*3 – The Claim of Michael J. Bowe, which represents most, if not all of this Class has been reduced to a stipulation approved by this Court and is being liquidated by a Third-Party, although Debtor is a Guarantor of this obligation.

*4 – See comments in this Disclosure Statement in <u>Article VIII,</u> Paragraph C, Treatment of Executory Contracts and Unexpired Leases.

*5 – Debtor estimates other allowed and proven unsecured claims to total no more than $75,000.00.

**C.    Description of Classes under the Plan**

There may be outstanding Statutory Fees owed to the United States Trustee. The Debtors will pay any such outstanding or approved amounts due, upon Confirmation. On and after the Confirmation Date, the Reorganized Debtors shall be liable for, and shall pay the fees due the United States Trustee pursuant to 28 U.S.C. §1930(a)(4) until the entry of a final decree in this case, or until the case is converted or dismissed. Any Allowed Administrative Expense Claims shall be paid by the Debtors upon Confirmation or as soon thereafter as they are allowed.

**Class 1**: Class 1 consists of one (1) creditor who holds an Allowed Secured Claim.

Class1 HSBC Mortgage Service Center, which holds a First Mortgage on 7 Linden Court, New City, New York. That mortgage is in default and there are Pre and Post-

Petition arrears. Debtor intends to assume the mortgage, cure any default, and to continue to perform the loan and mortgage pursuant to Section 1124(2) of the Code, The present past due amount is approximately $325,000.00. Debtor proposes to pay an initial down payment upon the execution of a modification agreement of $10,000.00. Debtor proposes to cast the remaining balance due in the modification agreement to provide for repayment in full over a period of 40 years at 4% interest, in equal monthly payments. Debtor believes he and his non-debtor wife can accumulate said amount during the confirmation process and have it available when needed. The Class 1 Claim is not impaired under this Plan and under Section 1126(f) of the Code, the holder of such Claim is conclusively deemed to accept the Plan.

**Class 2**: Class 2 consists of all holders of Allowed Unsecured Claims entitled to priority in payment under the provisions of §§ 507(a)(2) - (7) of the Bankruptcy Code, including wages, but not including taxes. These Claims, if any, shall be paid in full, in Cash, on the Effective Date. The Debtor does not believe any such claim exist.

**Class 3**: Class 3 consists of all holders of Allowed Priority Tax Claims. Portions of these Claims may not be entitled to priority in accordance with the provisions of §507(a)(8) of the Bankruptcy Code.

**Class 4**: Class 4 consists of all holders of allowed contingent claims arising from liabilities of Debtor for loans or goods and from guarantees of Third-Party entity leases or contracts for monies loaned or merchandise received. Each holder of an allowed contingent claim is impaired under this Plain and is entitled to vote to accept or reject this Plan. Each holder of an allowed contingent claim shall receive dividends pursuant to a separate agreement between the Debtor and the claimant, or Twenty Five

8

Percent of the claim as proved and allowed in Five (5) equal payments of Five (5) each commencing Six (6) months after confirmation of this Plan and then annually thereafter, whichever is greater. Each Claim 4 holder is impaired and is entitled to vote to accept or reject this Plan.

**Class 5**.    Class 5 consists of the holder of any allowed claim for liability pursuant to a terminated or rejected lease shall receive be entitled to an allowed amount as prescribed by 11 U.S.C. § 506(b) 6 or Ten (10) percent of the allowed claim, over Five (5) years in Five (5) equal annual payments at Two (2) percent per year, without interest, whichever is less. Each holder of a Class 5 Claim is impaired under the Plan and is entitled to vote to accept or reject the Plan.

**Class 6.**    Class 6 consists of all holders of Allowed General Unsecured Claims. Holders of Class 6 Allowed General Unsecured Claims shall receive a dividend equal to Twenty Five (25) percent of such Allowed General Unsecured Claims to be paid over a period of five (5) years without interest, commencing six (6) months after the Effective Date, paid in Cash, semi-annually, with each semi-annual payment being 2.5 percent of the Allowed Claim.  Each holder of an Allowed General Unsecured Claim is Impaired under this plan and is entitled to vote to accept or reject this Plan.

**Class 7.**    Class 7 consists of the Interest of the Reorganized Debtor who will received all of the remaining Estate assets with the exception of payment to all holders of Allowed Claims in Classes 1 through 6 in accordance with the terms of the Plan. There are no Classes of Claims or Interest junior to Class 7 Interests the Class 7 Interest holder is conclusively presumed to have accepted this Plan and is not entitled to vote to accept or reject this Plan.

## D. Administrative Expenses and Priority Claims

     1.    <u>Administrative Expense Claims</u>

All scheduled or filed administrative expenses defined under §§ 503(b) and 507(a)(1) which are allowed by the Court, including, without limitation, the fees and expenses of the Debtors' attorneys, shall be paid in full in Cash on the Effective Date, as directed by the Court or as agreed to between the Debtor and his professionals. The Debtors' attorneys are Barr, Post & Associates[PLLC], and its successor Barr Legal[PLLC]. As of January 31, 2023, the Debtor has paid an aggregate $25,000.00, exclusive of filing fees since the Petition Date. The Professional Persons have invoiced the Debtor and will file fee applications. The Debtor estimate that the Debtor's counsel will file fee applications for a total of approximately $475,000.00, plus disbursements, assuming the Effective Date is September 1, 2023.

     2.    <u>Secured Claims</u>

There is one (1) Claim secured by a mortgage on 7 Linden Court, New City, New York 10956, Debtor owns this property together win his non-debtor wife. Debtor was in default as at the date of filing and has remained in default during the post-petition period. Debtor and his non-debtor wife intend to assume the mortgage pursuant to a negotiated modification agreement with the Secured Creditor to provide for an initial payment of $10,000.00 and to continue to pay pursuant to the modification agreement in order to retain his home in which the family lives.

3.     Priority Tax Claims

Priority Tax Claims, if any, of governmental units under § 507(a)(8) of the Code shall be paid in full over a period of Five (5) years with equal monthly payments, together with four (4) percent simple interest, commencing thirty (30) days after the effective date.

Some or all of said claims may be impaired under the plan. New York State Department of Taxation and Finance has recently filed an amended claim totaling $75,751.53, which the Debtor questions and is investigating, as Debtor believes that it is being satisfied by the entity that is primarily obligations via a payment plan.

4.     Allowed Contingent Claims

Class 4 consists of all holders of allowed contingent claims arising from liabilities of Debtor for loans or goods and from guarantees of Third-Party entity contracts for monies loaned or merchandise received. Each holder of an allowed contingent claim is impaired under this Plain and is entitled to vote to accept or reject this Plan. Each holder of an allowed, whichever is greater, contingent claim shall receive dividends pursuant to the  separate agreement between the Debtor and the claimant, or Twenty Five Percent of the  claim as proved and allowed in Five (5) equal payments of Five (5) percent each, without interest, commencing Six (6) months after confirmation of this Plan and then annually thereafter.

5.     Allowed Claims for Terminated Lease

Class 5 consists of the holder of any allowed claim for liability pursuant to a terminated or rejected lease  shall be entitled to an  allowed amount as prescribed by 11 U.S.C. § 506(b) 6 or Ten (10) percent of the allowed claim,  over Five (5) years in Five

(5) equal annual payments at Two (2) percent per year, without interest, whichever is less. Each holder of a Class 5 Claim is impaired under the Plan and is entitled to vote to accept or reject the Plan.

6.    Allowed General Unsecured Claims

Class 6 consists of all holders of Allowed General Unsecured Claims.  Holders of Class 6 Allowed General Unsecured Claims shall receive a dividend equal to Twenty Five (25) percent of such Allowed General Unsecured Claims to be paid over a period of five (5) years, without interest, commencing six (6) months after the Effective Date, paid in Cash, semi-annually, with each semi-annual payment being 2.5 percent of the Allowed Claim.  Each holder of an Allowed General Unsecured Claim is Impaired under this plan and is entitled to vote to accept or reject this Plan.

7.    Interests of Debtor

The Interests of the Debtor are not impaired under the Plan in that the Reorganized Debtor will receive all remaining Estate assets with the exception of payment to all holders of Allowed Claims in Classes 1 through 6 in accordance with the terms of the Plan.  There are no Classes of Claims or Interests junior to the Class 7 Interests. Under Section 1126(f) of the Code, the Class 5 Interest holder is conclusively presumed to have accepted this Plan

E.    **Reservation of "Cram Down" Rights**

The Bankruptcy Code permits the Bankruptcy Court to confirm a Chapter 11 plan of reorganization over the dissent of any class of claims or equity interests as long as the standards in section 1129(b) are met.  This power to confirm a plan over dissenting classes - often referred to as "cram down" - is an important part of the

reorganization process. It assures that no single group (or multiple groups) of claims or interests can block a restructuring that otherwise meets the requirements of the Bankruptcy Code and is in the interest of the other constituents in the case.

The Debtor reserves his right to seek Confirmation of the Plan, notwithstanding any possible rejection of the Plan by any Creditor.

III.

**Voting Procedures and Requirements**

Detailed voting instructions are provided with the Ballot accompanying this Disclosure Statement, as Exhibit B.

If your Claim is being paid in full you may not be entitled to vote but you will receive a Ballot with this Disclosure Statement. If your Claim is not being paid in full, or is Impaired, you should read your Ballot and follow the listed instructions carefully. Please use only the Ballot that accompanies this Disclosure Statement. (Exhibit B).

A.    **Vote Required for Acceptance by a Class**

Under the Bankruptcy Code, acceptance of a plan of reorganization by a class of claims is determined by calculating the number and the amount of claims voting to accept, based on the actual total allowed claims voting. Acceptance of a plan of reorganization by a class of equity interests determined by calculating the amount of the allowed equity interests voting to accept based on the actual total allowed equity interests voting. Acceptance requires an affirmative vote of more than one-half of the total allowed claims voting and two-thirds in amount of the total allowed claims voting and the affirmative vote of at least two-thirds in dollar amount of the allowed equity interests voting.

**B.     Classes not entitled to Vote**

Under the Bankruptcy Code, creditors are not entitled to vote if their contractual rights are unimpaired by the Plan or if they will receive no property under the Plan. Under this proposed Plan some Creditors are Impaired and therefore are entitled to vote to accept or reject the Plan:

**C.     Voting**

In order for your vote to be counted, your Ballot must be actually received by counsel for the Debtors at the following address before the Voting Deadline of 5:00 p.m., Eastern Time, on _____, 2023.

| ALL BALLOTS ARE TO BE MAILED TO: |
|:---:|
| Debtors Counsel:<br><br>BARR LEGAL PLLC<br>Att:  Harvey S. Barr, Esq.<br>80 Red Schoolhouse Road, Suite 110<br>Spring Valley, NY 10977<br>845-352-4080 |
| **SO AS TO BE RECEIVED NO LATER THAN THE VOTING DEADLINE** |

If a Ballot is damaged or lost, you may contact the Debtors' counsel at the number set forth above.  Any Ballot that is executed and returned but which does not indicate an acceptance or rejection of the Plan will be counted in the affirmative.

# IV.

## Financial Information and Projections

## A.    Introduction

This section provides summary information concerning financial projections for the Debtor.

The projections assume an Effective Date of September 30, 2023, with Allowed Claims treated in accordance with the Plan.  Expenses incurred as a result of this reorganization case are assumed to be paid on the Effective Date.  If the Debtor does not emerge from Chapter 11 as currently scheduled, additional Administrative Expenses will be incurred until such time as a plan of reorganization is confirmed and becomes effective.

It is important to note that the projections described below may differ from actual performance and are highly dependent on significant assumptions concerning the future operations of the business of the Debtor.

THIS PLAN IS A STAND-ALONE PLAN REORGANIZING THE DEBTOR AROUND HIS BUSINESSES, HIS FUTURE DEPENDS IN LARGE PART ON THE DEBTORS' RELATIONSHIP WITH HIS CURRENT LANDLORDS AND THE WORLD HEALTH AND FINANCIAL CLIMATE.

FINANCIAL HEALTH OF THE DEBTOR DEPENDS UPON DECISIONS MADE BY VARIOUS ENTITIES THAT ARE BEYOND THE DEBTORS' CONTROL. THE PROJECTIONS ASSUME THAT COSTS AND SERVICES WILL CONTINUE AT THEIR PRESENT PACE AND/OR WILL INCREASE MODESTLY.

**B.    The Financial Projections**

Annexed hereto as Exhibits are financial projections of the Debtor as well as supporting financial information.   For the purposes of presentation, the financial projections assume emergence from Chapter 11.   They are compilations of Debtors' results of his recent operations during the Chapter 11 period. The Debtor has filed monthly financial statements during the Post-Petition period which are available for inspection on the Court's website.  During the Chapter 11 period the Debtors' business has changed as the economy has changed due to the Covid pandemic, resulting in unemployment, unusual governmental restrictions and spiraling costs. While Debtor has survived, the business were closed for many months while rent accrued and other expenses continued. Notwithstanding, the Debtor is now experiencing an slight increase in business as people return to in person work and in the case of Debtor's New York City Operation, the Javitz Center begins to Function and bring tourists and show attendees to the area.

Debtor is confident that the situation will continue to change in the foreseeable future. Debtor expects to be able to gradually increase rental income to cover all expenses and taxes and satisfy the Plan payments as the world slowly returns to "normal".

**V.**

**Business Description and Reasons for Chapter 11**

**A.    The Debtors' Business**

The Debtor is engaged in various businesses primarily Irish style pubs. He presently operates one in New York City, in which he is the sole stockholder; one in Pearl River, New York in which he is the sole stockholder; and a Dry Cleaning store in which

he has an interest. Debtor also has a 50% interest in a bar/restaurant in Queens, New York. All of said businesses are in leased spaces, and some of the leases are in various stages of default due to the pandemic. It is anticipated that Debtor will continue to pursue the value of his interest in the Queens bar, post-confirmation, and any recovery will be used to supplement the funding for the proposed Plan.

## B.     Reasons for Chapter 11 Filing

The Debtor filed this case in order to stay pending litigation against one of his businesses and against him personally for a money loan. Since the filing, that litigation was resolved in the now dismissed Chapter 11 Proceeding of Walkinstown, Inc., 19-23232. The compromised liability for that Claim exists, and the substantially reduced amount in the settlement agreement is a claim in Class Number 4.

## C.     USE OF AVAILABLE FUNDS

The Debtor intends to utilize all available funds to pay all Allowed Expenses of Administration described herein as well as the payments to become due upon the Effective Date of the Plan.  Debtor will also use these funds to continue to fund the continuation of his businesses.

**VI.**

**Events During the Chapter 11 Case**

## A.     Retention of Legal Counsel

At the Petition Date, the Debtors retained Barr Legal[PLLC] pursuant to Court Order.

# VII.

## Governance of Reorganized Debtors

## A.      Management

Upon Confirmation, the management, control and operation of Reorganized Debtor will continue to be the responsibility of the Debtor Michael T. Doyle.

# VIII.

## MISCELLANEOUS

## A.      Voting of Claims and Interests

Each holder of an Allowed Claim or Interest of an Impaired Class that is entitled to vote on the Plan will be entitled to vote separately to accept or reject the Plan as provided in such order as is entered by the Bankruptcy Court establishing procedures with respect to the solicitation and tabulation of votes to accept or reject the Plan, or any other order or orders of the Bankruptcy Court.

## B.      Distributions

One of the key concepts under the Bankruptcy Code is that only claims and equity interests that are "Allowed" may receive distributions under a Chapter 11 plan. This term is used throughout the Plan and in the descriptions below.  In general, an "Allowed" Claim or "Allowed" Interest simply means that the Debtor agrees, or, if there is a dispute, that the Bankruptcy Court determines, that the Claim or Interest, and the amount thereof, is in fact a valid obligation of the Debtor.

Any Claim that is not a Disputed Claim and for which a proof of claim has been filed is an Allowed Claim.  Any Claim that has been listed by the Debtor in the

Debtors' schedules of assets and liabilities, as may be amended from time to time, as liquidated in amount and not Disputed or Contingent is an Allowed Claim in the amount listed in the schedules unless an objection to such Claim has been filed, or will be filed. If the holder of such Claim files a proof of Claim in an amount different than the amount set forth on the Debtors' schedules of assets and liabilities, the Claim is an Allowed Claim for the lower of the amount set forth on the Debtors' schedules of assets and liabilities and on the proof of claim and a Disputed Claim for the difference. Any Claim that has been listed in the Debtors' schedules of assets and liabilities as Disputed, contingent or not liquidated and for which a proof of claim has been filed is a Disputed Claim.

1. **Timing and Conditions of Distributions**

   a. <u>Date of Distribution</u>

   Except as otherwise provided for in the Plan, distribution on account of Allowed Claims will begin Six (6) months from the Effective Date, or as soon thereafter as practicable. Disputed claims will be treated as set forth below.

   b. <u>Disbursing Agent.</u>

   **THE DEBTOR WILL BE THE DISBURSING AGENT AND HE WILL NOT BE REQUIRED TO POST A BOND. CREDITORS ARE ADVISED THAT THE DEBTOR, AS THE POST CONFIRMATION DISBURSING AGENT, WILL NOT BE BONDED AND THEREFORE THE CREDITORS ARE EXPOSED TO A POSSIBLE RISK OF LOSS.**

2. **Procedures for Treating Disputed Claims Under the Plan**

   a. <u>Objections to Claims</u>

   Debtor will be entitled to object to all Claims, including Administrative Expense Claims. Any objections to Claims will be served and filed on or before Sixty (60)

days after the Confirmation Date or such later date as may be fixed by the Bankruptcy Court.

b.    <u>No Distribution Pending Allowance</u>

If any portion of a Claim is a Disputed Claim, no payment or distribution will be made on account of that Claim (or any portion thereof) until it becomes an Allowed Claim.

c.    <u>Reserve for Disputed Claims</u>

On the Effective Date, the Debtor will create a reserve for all for all unresolved and disputed claims, if necessary, and will deposit the same in a separate escrow account to be held by counsel for the Debtors, BARR LEGAL PLLC subject to the entry of an order of the Court with regard to each Disputed Claim.

d.    <u>Distributions After Allowance</u>

After the Effective Date, if a Disputed Claim becomes an Allowed Claim, Debtor will pay the holder of that Claim thirty (30) days after the order allowing the Disputed Claim becomes a final order, or as soon thereafter as practicable, or such earlier date as agreed to. If a Disputed Claim is disallowed, the amount of property withheld by the Debtors on account of such Disputed Claim will be retained by the Debtor.

e.    <u>Resolution of Claims</u>

On and after the Effective Date, Debtor will be allowed to compromise, settle or otherwise resolve any objections to Claims (including Administrative Expense Claims) and compromise, settle or otherwise resolve any objections with respect to Disputed Claims without seeking approval from the Bankruptcy Court.

**C.     Treatment of Executory Contracts and Unexpired Leases**

Any executory contracts and unexpired leases of the Debtor in his individual name, except for those expressly rejected, are assumed pursuant to the Plan as of the Effective Date. All existing and unexpired leases of Third-Party entities guaranteed by the Debtor will either be rejected before confirmation, or modified and assumed, pursuant to a stipulation with the respective Landlord.

The lease of Ballinteer Corp d/b/a Doyler's Restaurant, located on 37th Street is the subject of litigation with the Landlord who Debtor believes violated the lease by converting the balance of the premises (or hotel) to a homeless shelter during Covid. Said litigation may eventually extinguish any landlord claim, and/or result in a recovery for Debtor to be used to fund the Plan. This landlord asserts a claim in excess of $500,000.00 which Debtor believes is unfounded and overreaching. In the event the Debtor is unsuccessful in this litigation and/or a claim objection, if any, any resulting liability to the Debtor shall be treated as a Class 5 Creditor and be entitled to Ten (10) percent of the allowed claim over five (5) years with annual payments bearing no interest.

**D.     Effect of Confirmation**

1.     <u>Vesting of Assets</u>

Upon the Effective Date, all Estate assets, will vest in Debtor free and clear all of claims, liens, encumbrances, charges, and other interests except as provided in the Plan. From and after the Effective Date, Debtor may operate his business and may use, acquire and dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending cases under any chapter or provision of the Bankruptcy Code, except as provided in the Plan.

2. Discharge of Claims

The rights afforded to claimants and equity holders in the Plan, and the payments and distributions made thereby, will be in exchange for and in complete satisfaction, discharge and release of all existing debts and claims of any kind, nature or description whatsoever against Debtor in accordance with 11 USC §1141 and specifically 11U.S.C. § 1141 (c) and 11 U.S.C. §1141(d)(5). 11 U.S.C. §1141(d)(5) provides that the Bankruptcy Court may grant a Discharge to an individual Debtor, for cause, after notice and a hearing provided all payments under the Plan are completed. **The Debtor, Michael T. Doyle is seeking a discharge from any and all Debts provided for in the Plan, and will request that this Notice and the Hearing on Confirmation satisfy the Notice and Hearing requirement of that section of the Bankruptcy Code, so that the Order of Confirmation may contain language granting the individual Debtor a Discharge pursuant to 11 U.S.C. §1141(d)(5). In any event pending completion of the Plan, all holders of existing Claims against the Debtor prior to completion of the Plan, will be enjoined from asserting against the Debtor, or any of his assets or properties, such Claims and any other or further Claim based upon any act or omission, transaction or other activity that occurred prior to the Effective Date, whether or not such holder has filed a proof of claim.**

3. Exculpation

The Plan exculpates the Debtor, and his professionals, for conduct relating to the prosecution of this Chapter 11 case to the extent that such exculpation is limited to the express provisions of 11 U.S.C. §1125(e), which exculpation will not apply in the event of fraud, gross negligence, willful misconduct, malpractice, criminal conduct,

unauthorized use of confidential information that causes damages, or ultra vires acts. Said exculpation will not limit the liability of Debtor's professionals to Debtor contrary to the requirements of the Code of Professional Responsibility.

4.    <u>Release of Government Claims</u>

Except as provided herein or in the Plan addressing Pre-Petition government claims, nothing in the Confirmation order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or any State and local authority whatsoever, including without limitation any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the released parties for any Post-Petition liability, nor shall anything in the Confirmation Order or the Plan enjoin the United States or any State or local authority from bringing any claim, suit, action or other proceedings against the Released Parties for any Post-Petition liability whatever, including, without limitation, any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any State or local authority, nor shall anything in the Confirmation Order or the Plan  exculpate any party from any post-petition liability to the United States Government or any of its agencies or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any State and local authority against the Released Parties.

**E.    Miscellaneous Provisions**

The Plan contains provisions relating to the Disbursing Agent, delivery of distributions, manner of payment, binding effect, retention of causes of action and

reservation of rights, terms of injunctions or stays, injunction against interference with the Plan, payment of statutory fees, retention of jurisdiction by the Bankruptcy Court, severability, revocation and amendment of the Plan, governing law, waiver of conditions, failure of conditions, the Plan Supplement, binding effect and timing. For more information regarding this item, see the Plan attached hereto as Exhibit A.

## IX.

## Factors to be Considered

### A.    Bankruptcy Considerations

Although the Debtor believes that the Plan will satisfy all requirements necessary for confirmation by the Bankruptcy Court, there can be no assurance that the Bankruptcy Court will reach the same conclusion. Moreover, there can be no assurance that modification of the Plan will not be required for confirmation or that such modifications would not necessitate the re-solicitation of votes. In addition, although the Debtor believes that the Effective Date will occur on about September 30, 2023, there can be no assurance as to such timing.

The Bankruptcy Court may confirm the Plan if at least one Impaired Class votes to accept the Plan (with such acceptance being determined without including the vote of any "insider" in such Class). Thus, for the Plan to be confirmed with respect to the Debtors, one Impaired Class, must vote to accept the Plan. As to any Impaired Class that has not accepted the Plan, the Plan may be confirmed if the Bankruptcy Court determines that the Plan "does not discriminate unfairly" and is "fair and equitable" with respect to these Classes. The Debtor believes that the Plan satisfies these requirements since all Creditors will receive payment in full.

**B.    Risks Relating to the Recoveries under the Plan**

    1.    <u>Variances from Projections</u>

The projections included herein are "forward-looking statements" within the meaning of the Private Securities Litigation Reform Act of 1995. Factors that could cause actual results to differ materially include, but are not limited to, Debtors ability to operate its business consistent with its present direction, emergence from bankruptcy, and to attract and retain key customers.

**C.    Risks Associated with the Business**

Debtor has no reason to believe that his business will not continue well into the future. Debtor believes his business will continue to improve as the recovery returns and workers return to normal office routines. While the effects of Covid are still evident, Debtor sees steady improvement, couples with more tourist and trade show traffic generated by the Javits Center which is in close proximity to Walkinstown, Inc.

**X.**

**Confirmation of the Plan**

**A.    Confirmation Hearing**

Section 1128(a) of the Bankruptcy Code requires the Bankruptcy Court, after appropriate notice, to hold a hearing on confirmation of a plan of reorganization. The Confirmation Hearing is scheduled for 10:00 a.m. Eastern Standard Time, on _____, before the Honorable Sean H. Lane, 300 Quarropas Street, White Plains, NY. The Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court without further notice except for an announcement of the adjourned date made at the Confirmation Hearing or any subsequent adjourned confirmation hearing.

Section 1128(b) of the Bankruptcy Code provides that any party in interest may object to confirmation of a plan of reorganization. Any objection to confirmation of the Plan must be in writing, must conform to the Federal Rules of Bankruptcy Procedure, must set forth the name of the objector, the nature and amount of claims or interests held or asserted by the objector against the Debtors, the basis for the objection and the specific grounds therefor, and must be filed with the Bankruptcy Court, with a copy to Chambers, together with proof of service thereof, and served upon and received no later than 5:00 p.m. Eastern Time on _____ by BARR LEGAL PLLC, 80 Red Schoolhouse Road, Suite 110, Spring Valley, New York 10977 (Attn: Harvey S. Barr, Esq.) and the Office of the United States Trustee, U. S. Federal Office Building, 201 Varick Street, Room 1004, New York, NY 10014, (Attn.: Andrew Velez Rivera, Esq., (A.U.S.T.).

**UNLESS AN OBJECTION TO CONFIRMATION IS TIMELY SERVED AND FILED, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**B.  Best Interests Tests/Liquidation Analysis**

Section 1129(a)(7)(A) of the Bankruptcy Code requires that each holder of an impaired claim or equity interests either (i) accept the Plan or (ii) receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the value such holder would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. As set fourth in Article XI (A) of this Disclosure Statement after the payment of secured claims; secured/priority tax claims; the expenses of administration for this Chapter 11; and the projected administrative expenses for a possible Chapter 7, unsecured creditors will receive substantially less than the amounts offered under this

Chapter 11 Plan, if anything. This is especially so as the Debtor and his non-debtor wife are entitled to a homestead exemption on his principal residence, which he will claim.

## C. Value of Property to be Distributed by the Debtor

The Bankruptcy Code provides for individual debtors in a Chapter 11 case. Pursuant to U.S.C. §1129(a)(15)(B), in the event that the holder of any Allowed General Unsecured Claim objects to Confirmation, and such creditor's claim is not paid in full, the value of the property to be distributed under the Plan must not be less than the Debtors' projected disposable income for the five (5) year period commencing on the date of the first payment under the Plan, or during the period of payment under the Plan, whichever is longer. Since Debtors' sole source of income is derived from the operation of his business, and all assets are owned by the Debtor, subject to various claims, the only property to be distributed pursuant to the Debtor's' Plan is the available Cash. Thus the Debtor's projected disposable net income over the next seven (7) year period does not exceed the amount of projected distributions. The Debtor believes that this test is satisfied.

## D Feasibility

The Bankruptcy Code requires that the Debtor demonstrate that confirmation of a plan is not likely to be followed by liquidation or the need for further financial reorganization of the Debtor. For purposes of determining whether the Plan meets this requirement, the Debtor has analyzed his ability to meet obligations under the Plan. As part of this analysis, the Debtor has prepared schedules and projections attached hereto. Based upon such projections, the Debtor believes that he will be able to make all payments required pursuant to the Plan and, therefor, that confirmation of the

Plan is not likely to be followed by liquidation or the need for further reorganization or possible liquidation. The Court will determine whether the plan is feasible and has a reasonable likelihood of success. The Debtor has demonstrated during the Chapter 11 period that his operations, as modified, are marginal, but profitable. During the period since filing, Debtor was met with unusual working conditions and expenses, Debtor encountered Covid related difficulties. Debtor believes that with the workers returning to the "new normal" his proposed payments under the plan will be satisfied in full.

**E.    Section 1129(b)**

The Bankruptcy Court may confirm a plan of reorganization over the rejection or deemed rejection of the Plan of Reorganization by a class of claims or equity interests if the Plan or Reorganization "does not discriminate unfairly" and is "fair and equitable" with respect to such class.

1.    <u>No Unfair Discrimination.</u>

This test applies to classes of claims or equity interests that are of equal priority and are receiving different treatment under the Plan. The test does not require that the treatment be the same, but that such treatment be "fair."

2.    <u>Fair and Equitable Test.</u>

This test applies to classes of different priority and status (e.g., secured versus unsecured) and includes the general requirement that no class of claims receive more than one hundred (100) percent of the allowed amount of the claims in such class. As to the dissenting class, the test sets different standards, depending on the type of claims or interests in such class. In order to demonstrate that a plan is fair and equitable, the plan proponent must demonstrate:

- <u>Unsecured Creditors.</u>     Either (i) each holder of an impaired unsecured claim receives or retains under the plan property of a value equal to the amount of its allowed claim or (ii) the holders of claims or interests that are junior to the claims of the dissenting class will not receive any property under the plan.

The Debtor believes the Plan will satisfy the "fair and equitable" requirement because all Creditors will be paid in full.  Additionally, the Debtor will not receive any benefits from this Plan for at least Five (5) and probably Ten (10) or more years as he is committing to operate his business solely for the benefit of all creditors during this period. The operation of the properties requires a full time commitment to which Debtor is prepared to commit.

## XI.

## Alternatives to Confirmation and Consummation of this Plan

### A.    Liquidation Under Chapter 7

If no Chapter 11 plan can be confirmed, the Chapter 11 case may be converted to a case under Chapter 7 of the Bankruptcy Code in which a Trustee would be elected or appointed to liquidate the assets of the Debtors for distribution in accordance with the priorities established by the Bankruptcy Code, or the Chapter 11 case may be dismissed. A discussion of the effect that Chapter 7 liquidation would have on the recoveries of holders of Claims is set forth in this Disclosure Statement in the Liquidation Analysis Article XI (B) and the annexed Plan.  The Debtor believes that liquidation under Chapter 7 would result in little or no distribution being made to holders of general unsecured claim.

Additionally, the expenses attendant to the appointment of a trustee and the trustee's employment of professionals, management companies, maintenance and landscaping contractors as well as the effect of the Homestead exemption to which Debtor is entitled under The Bankruptcy Code and/or Laws of the State of New York, and the possible tax implications of the distribution/sale of the assets and additional expenses and claims, some of which could be entitled to priority, which would be generated during a liquidation in connection with a cessation of the Debtor's operations. Alternatively, a dismissal would place the Debtor where he was prior to the filing of the Petition. A dismissal would effectively leave the Debtor exposed to enforcement by its Priority and possible Secured Creditors which would hinder Debtor's ability to conduct his business, and would ultimately absorb all available funds.

## B. Individual Debtor

The value of any property to be distributed by the individual Debtor for purposes of Section 1129(a)(15) is discussed in Article X, Paragraph C of this Disclosure Statement. As set forth therein the test of 11 U.S.C. §1129(a)(15)(B) is met in this Case as the projected disposable income of the Debtor for the Seven (7) years following the first payment due under this Plan is greater than or equal to the value of the property to be distributed under the Plan.

## C. Alternative Plan of Reorganization

If the Plan is not confirmed, the Debtor could attempt to formulate a different plan of reorganization. Such a plan might involve either a reorganization and continuation of the Debtors' business or an orderly liquidation of the Debtor's assets under Chapter 11.

The Debtor has concluded that this Plan enables unsecured creditors to realize the most value under the circumstances.

## XII

## Conclusion

The Debtor believes this Plan is in the best interests of all creditors and equity holders and urges the holders of impaired claims to vote to accept the Plan and to evidence such acceptance by returning their Ballots.

Dated:      Chestnut Ridge, New York
            February 27, 2023

Respectfully submitted,

s/_____
Michael T. Doyle

Harvey S. Barr, Esq. (HSB 3100)
BARR LEGAL PLLC
80 Red Schoolhouse Road, Suite 110
Spring Valley, NY 10977
Telephone: (845) 352-4080
Facsimile:  (845) 352-8845
Attorneys for Debtor

**SCHEDULE OF EXHIBITS**

**MICHAEL T. DOYLE**

A. Plan

B. Provisional Ballot

C. Summary of Income 2019 - 2022

D. Projections

E. Proposed Order Approving Disclosure Statement

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

MICHAEL T. DOYLE,

                                                 Chapter 11
                                                 Case No. 19-23231 (SHL)

                  Debtors.
-------------------------------------------------------------X

### DEBTOR'S
### PLAN OF REORGANIZATION

MICHAEL T. DOYLE (the "Debtor") hereby proposes the following Plan of Reorganization pursuant to the provisions of Chapter 11 of the Bankruptcy Code.


### ARTICLE I
### DEFINITIONS

For the purposes of this Plan, the following terms shall have the respective meanings set forth below (such meanings to be equally applicable to the singular and

plural forms of the terms defined, unless the context otherwise requires), capitalized terms used in this Plan shall at all times refer to the terms as defined in this Article I, except as otherwise indicated.

      1.1     "Administrative Claim" shall mean a Claim under § 503(b) of the Bankruptcy Code entitled to priority under § 507(a)(1) of the Bankruptcy Code (as defined below)

      1.2     "Administrative Expense Claim" shall mean a Claim entitled to a priority under Section 503 of the Bankruptcy Code.

      1.3     "Allowed Claim" shall mean that portion of a Claim which has been scheduled or filed with the Bankruptcy Court and not listed as contingent, unliquidated or disputed and as to which no objection to the allowance thereof has been interposed within

the period of time fixed by the Bankruptcy Code, Bankruptcy Rules or an order of the Bankruptcy Court (as defined below), or as to which any objection has been determined by a final order of the Bankruptcy Court allowing such Claim or any portion thereof.

1.4    "Allowed Contingent Claims" consists of Holders of Claim against the Debtor for Guarantees extended to Debtor's various business efforts to monies loaned, leases, contracts and merchandise received.

1.5    "Ballot" means the form distributed to each holder of an Impaired Claim or Interest that is entitled to vote to accept or reject the Plan on which is to be indicated acceptance or rejection of the Plan.

1.6    "Bankruptcy Code" or "Code" shall mean Title 11 U.S.C. § 101 *et. seq.*, as in effect on the Petition Date (as defined below).

1.7    "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of New York and any Court having jurisdiction to hear appeals therefrom.

1.8    "Bankruptcy Rule(s)" means the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under Section 2075 of Title 28 of the United States Code and the Local Bankruptcy Rules for the Southern District of New York.

1.9    "Cash" means legal tender of the United States of America or cash equivalents.

1.10   "Chapter 11" means Chapter 11 of the Bankruptcy Code.

1.11   "Claim" shall mean a claim as defined in § 101(4) of the Bankruptcy Code, including, without limitation, claims arising under § 502 of the Bankruptcy Code.

1.12   "Claimant" means the holder of an Allowed Claim.

1.13 "Class" shall mean a class of holders of Claims or Interests (as defined in Article II of the Plan).

1.14 "Confirmation Date" shall mean the date upon which the Confirmation Order in accordance with section 1129 of the Bankruptcy code is entered by the Bankruptcy Court.

1.15 "Confirmation Hearing" means the hearing held by the Bankruptcy Court to consider confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code, as such hearing may be adjourned or continued from time to time.

1.16 "Confirmation Order" shall mean the order of the Bankruptcy Court pursuant to § 1129 of the Bankruptcy Code confirming the Plan, which Plan and Order shall be binding upon each Debtor.

1.17 "Court" or "Bankruptcy Court" means the Bankruptcy Court unit of the United States District Court for the Southern District of New York, or such other court having subject matter jurisdiction over this case.

1.18 A "Creditor" means:

(i) an entity that has a Claim against the Debtor that arose at the time of or before the Petition Date concerning the Debtor, or

(ii) an entity that has a Claim against the Debtor's estate of the kind specified in sections 348(d), 502(f), 502(g), 502(h) or 502(i) of the Bankruptcy Code.

1.19 "Disputed Claim" means, any Claim, (i) that is listed in Debtors' Schedule of Liabilities as disputed, contingent or unliquidated; (ii) any Claim or portion thereof, proof of which was timely and properly filed, or any Administrative Expense Claim that is disputed under the Plan or as to which a timely objection has been interposed in

accordance with this Plan and/or request for estimation has been made in accordance with section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018, which objection and/or request for estimation has not been withdrawn or determined by a Final Order, and (iii) any Claim, proof of which was required to be filed by order of the Bankruptcy Court but as to which a proof of Claim was not timely or properly filed.

1.20    "Debtor" shall mean MICHAEL T. DOYLE, as the case may be.

1.21    "Disbursing Agent" shall mean the Debtor, who, as disbursing agents, shall distribute the amounts provided for in this Plan to holders of Allowed Claims as more fully described herein.  The Disbursing Agent will not be bonded.

1.22    "Disclosure Statement" means the Debtor's Disclosure Statement as approved by the Court as containing adequate information under the Code and which accompanied the Plan, as may be amended.

1.23    "Distribution Date" shall mean any date on which a distribution under the Plan is to be made to the holders of Allowed Claims.

1.24    "Effective Date" shall mean the first business day of the month following entry of the Confirmation Order becomes a Final Order and on which date the Plan becomes effective.

1.25    "Equity Interest" means the Interest of the Debtor Michael T. Doyle in Debtor's Estate and all exempt property.

1.26    "Event of Default" shall mean the failure of the Debtor to make any payment or payments as contemplated by this Plan.

1.27   "Executory Contract" means any contract and/or unexpired lease to which the Debtor is a party or was a party as of the Petition Date and which is executory within the meaning of section 365 of the Bankruptcy Code.

1.28   "Final Order" shall mean a Bankruptcy Court order, or judgment, which has not been reversed, stayed, modified, or amended and (i) as to which the time to appeal or seek review, rehearing, or certiorari has expired and as to which no appeal, petition for review, rehearing, or certiorari is pending or (ii) as to which any right to appeal or seek review, rehearing, or certiorari has been waived.

1.29   "Final Decree" shall mean the entry of a Decree or Order of the Bankruptcy Court closing this Chapter 11 pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure.

1.30   "General Unsecured Claim" means any Claim other than an Administrative Claim, Other Priority Claim, Priority Tax Claim, or Secured Claim.

1.31   "Impaired Claims" or Interests means Claims or Interests whose treatment under the Plan has not satisfied the conditions set forth in any of subdivisions (1) or (2) of §1124 of the Code.

1.32   "Interest" means any party having an interest in this Chapter 11 as defined in Section 1109 (b) of the Bankruptcy Code.

1.33   "Other Priority Claim" means any Claim, other than an Administrative Expense Claim or a Priority Tax Claim, entitled to priority in right of payment under § 507(a) of the Bankruptcy Code.

1.34   "Petition Date" means June 28, 2019, the date the Debtor filed a petition for reorganization under Chapter 11 of the Code.

1.35 "Plan" shall mean this Plan of Reorganization and any amendments hereto, or modifications hereof, made in accordance with the provisions of the Bankruptcy Code, together with all exhibits, supplements, appendixes, and schedules.

1.36 "Pre-Petition" means arising or accruing prior to the Petition Date.

1.37 "Post-Petition" means all claims that arose after the Petition Date.

1.38 "Priority Tax Claim" means all or that portion of an Allowed Claim entitled to priority under 11 U.S.C. §507(a)(8).

1.39 "Professional Persons" shall mean Barr Legal PLLC, attorneys for the Debtors; which professionals were heretofore retained pursuant to order of the Bankruptcy Court.

1.40 "Pro Rata" shall mean proportionally according to the total amount of Allowed Claims in a particular Class.

1.41 "Reorganized Debtor" shall mean the Debtor Michael T. Doyle after the entry of a Confirmation Order.

1.42 "Release Parties" shall mean the Debtor Michael T. Doyle.

1.43 "Schedules" means the schedules of assets and liabilities and the statement of financial affairs filed by the Debtor pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments and modifications thereto filed with the Bankruptcy Court through and including the Confirmation Date.

1.44 "Secured Claim" shall mean that portion of an Allowed Claim which is secured by a valid, properly perfected and enforceable mortgage, security interest and/or lien on property owned by the Debtor or upon the assets of the Debtor, equal to the value as filed, if undisputed, or as determined by the Bankruptcy Court pursuant to §506(a) and

(b) of the Bankruptcy Code and Bankruptcy Rule 3012, or as agreed upon by the Debtor and the holder of such Claim and approved by the Bankruptcy Court, of the interest of the holder of the Allowed Secured Claim in the property of the Debtor.

1.45    "Statutory Fees" shall mean those fees to which the Office of the United State Trustee may be entitled on the Confirmation Date.

1.46    "Substantial Consummation" shall mean partial completion by the Debtor of the Plan requirements as contemplated by section 1127(b) of the Bankruptcy Code.

1.47    "Unclaimed Distribution" shall mean any distribution contemplated under the Plan, unclaimed after the ninetieth (90th) day following the Distribution Date. Unclaimed Distributions shall include checks and the funds represented thereby: (a) which have been returned as undeliverable without a proper forwarding address; (b) which has not been paid; and (c) which were not mailed or delivered because of the absence of a correct address.

<u>Interpretation; Application of Definitions and Rules of Construction</u>.

Wherever from the context it appears appropriate, each term stated in either the singular or the plural shall include both the singular and the plural and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and neuter. Unless otherwise specified, all section, article, schedule, or exhibit references in the Plan are to the respective section in, article of, schedule to, or exhibit to, the Plan. The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. The rules of construction contained in section 102 of the Bankruptcy Code shall apply to the construction of the Plan. A term used herein that is not defined herein,

but that is used in the Bankruptcy Code, shall have the meaning ascribed to the term in the Bankruptcy Code. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions of the Plan.

## ARTICLE II
## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

All Claims against the Debtor shall be bound by the provisions of this Plan and are hereby designated as the following Classes.

Allowed Claims against the Debtor are classified in the Plan and will be paid by the Debtor as provided in the Plan.

**The Debtor believes that there may be outstanding Administrative Expense Claims owed to the United States Trustee, and the Debtor will pay any outstanding or approved amounts due to the United States Trustee, if any, upon the Effective Date, and that on and after the Effective Date, the Debtor shall be liable for, and shall pay the fees due the United States Trustee pursuant to 28 U.S.C. §1930(a)(6), together with interest pursuant to 31U.S.C.§3717, if any, until the entry of a final decree in this case or until the case is converted or dismissed. Allowed Administrative Expense Claims shall be paid by the Debtor on or before the Effective Date or pursuant to separate agreement between the Debtor and the Claimant.**

Class 1: Class 1 consists of one (1) creditor who holds an Allowed Secured Claim.

Class 1: HSBC Mortgage Service Center, holds a First Mortgage on 7 Linden Court, New City, New York. That mortgage is in default and there are Pre and Post-Petition arrears. Debtor intends to assume the mortgage, cure any default, and to continue to perform the loan and mortgage pursuant to Section 1124(2) of the Code, The Class 1 Claim is not impaired under this Plan and under Section 1126(f) of the Code, the holder of such Claim is conclusively deemed to accept the Plan.      .

Class 2:      Class 2 consists of all holders of Other Allowed Priority Claims. The Debtor does not believe any such Claims exist. The holders of Class 2 Claims are not impaired under this Plan and under Section 1126(f) of the Code are conclusively deemed to accept this Plan.

Class 3:      Class 3 consists of all holders of Allowed Priority Tax Claims. Portions of these Claims may not be entitled to priority in accordance with the provisions of §507(a)(8) of the Bankruptcy Code.

Class 4:      Class 4 consists of all holders of allowed contingent claims arising from liabilities of Debtor for loans or goods and from guarantees of Third-Party entity leases or contracts for monies loaned or merchandise received. Each holder of an allowed contingent claim is impaired under this Plain and is entitled to vote to accept or reject this Plan. Each holder of an allowed contingent claim shall receive dividends pursuant to the separate agreement between the Debtor and the claimant, or Twenty Five Percent of the claim as proved and allowed in Five (5) equal payments of Five (5) percent each, without interest, commencing Six (6) months after confirmation of this Plan and then annually thereafter, whichever is greater. Each Claim 4 holder is impaired and is entitled to vote to accept or reject this Plan.

Class 5: Class 5 consists of the holder of any allowed claim for liability pursuant to a terminated or rejected lease shall receive be entitled to an allowed amount as prescribed by 11 U.S.C. § 506(b) 6 or Ten (10) percent of the allowed claim, over Five (5) years in Five (5) equal annual payments at Two (2) percent per year, without interest, whichever is less. Each holder of a Class 5 Claim is impaired under the Plan and is entitled to vote to accept or reject the Plan.

Class 6: Class 6 consists of all holders of Allowed General Unsecured Claims. Holders of Class 6 Allowed General Unsecured Claims shall receive a dividend equal to Twenty Five (25) percent of such Allowed General Unsecured Claims to be paid over a period of five (5) years, without interest, commencing six (6) months after the Effective Date, paid in Cash, semi-annually, with each semi-annual payment being 2.5 percent of the Allowed Claim. Each holder of an Allowed General Unsecured Claim is Impaired under this plan and is entitled to vote to accept or reject this Plan.

Class 7: The Interests of the Debtor are not impaired under the Plan in that the Reorganized Debtor will receive all remaining Estate assets with the exception of payment to all holders of Allowed Claims in Classes 1 through 6 in accordance with the terms of the Plan. There are no Classes of Claims or Interests junior to the Class 7 Interests. Under Section 1126(f) of the Code, the Class 5 Interest holder is conclusively presumed to have accepted this Plan.

## ARTICLE III
## TREATMENT OF CLASSES UNDER THE PLAN

3.1 <u>Class 1</u>:    Class 1 consists of creditors holding Allowed Secured Claims.

3.2 <u>Class 2</u>:    Class 2 consists of all holders of Other Allowed Priority Claims including wages, but not including taxes. These Claims, if any, shall be paid in full in Cash, on the Effective Date. The Debtor is not aware of any Class 2 Claims and does not believe any such Claims exist.

3.3 <u>Class 3</u>:    Class 3 consists of all holders of Allowed Priority Tax Claims. Portions of these Claims may not be entitled to priority in accordance with the provisions of §507(a)(8) of the Bankruptcy Code.


3.4 <u>Class 4</u>:    Class 4 consists of all holders of allowed contingent claims arising from liabilities of Debtor for loans or goods and from guarantees of Third-Party entity leases or contracts for monies loaned or merchandise received. Each holder of an allowed contingent claim is impaired under this Plain and is entitled to vote to accept or reject this Plan. Each holder of an allowed contingent claim shall receive dividends pursuant to a separate agreement between the Debtor and the claimant, or Twenty Five Percent of the claim as proved and allowed in Five (5) equal payments of Five (5) percent each without interest, commencing Six (6) months after confirmation of this Plan and then annually thereafter, whichever is greater. Each Claim 4 holder is impaired and is entitled to vote to accept or reject this Plan.

3.5 <u>Class 5</u>: Class 5 consists of the holder of any allowed claim for liability pursuant to a terminated or rejected lease who shall receive an allowed amount as prescribed by 11 U.S.C. § 506(b) 6 or Ten (10) percent of the allowed claim over Five (5)

years in Five (5) equal annual payments at Two (2) percent per year, without interest, whichever is less. Each holder of a Class 5 Claim is impaired under the Plan and is entitled to vote to accept or reject the Plan.

3.6     Class 6:        Class 6 consists of all holders of Allowed General Unsecured Claims.  Holders of Class 6 Allowed General Unsecured Claims shall receive a dividend equal to Twenty Five (25) percent of such Allowed General Unsecured Claims to be paid over a period of five (5) years, without interest, commencing six (6) months after the Effective Date, paid in Cash, semi-annually, with each semi-annual payment being 2.5 percent of the Allowed Claim.  Each holder of an Allowed General Unsecured Claim is Impaired under this plan and is entitled to vote to accept or reject this Plan.

Class 7:        The Interests of the Debtor are not impaired under the Plan in that the Reorganized Debtor will receive all remaining Estate assets with the exception of payment to all holders of Allowed Claims in Classes 1 through 6 in accordance with the terms of the Plan.  There are no Classes of Claims or Interests junior to the Class 7 Interests. Under Section 1126(f) of the Code, the Class 5 Interest holder is conclusively presumed to have accepted this Plan.

## ARTICLE IV
## MEANS FOR EXECUTION

4.1     Administrative Claims and Priority Claims:

All scheduled or filed Administrative Claims that are allowed by the Court, including, without limitation, the Allowed fees and expenses of Debtor's Professional Persons shall be paid in full in Cash on the Effective Date, as directed by the Court or as agreed to with the Debtor.  As Debtor has paid the Professional Persons in this Chapter 11 case an aggregate of $25,000.00, exclusive of filing fees prior to or since the Petition

Date. The Professional Persons will file final fee and expense applications and be paid hereunder only as ordered by the Bankruptcy Court. The Debtor estimates that the Professional Persons will file fee applications for a total of approximately $175,000.00, plus disbursements, assuming the Effective Date is September 30, 2023.

4.2 <u>Funds</u>: The Debtor anticipates having sufficient operating profit and available Cash to meet his commitments under the Plan. The Plan will be implemented consistent with § 1123 of the Code. The funds available for distribution consist of proceeds from the continued operation of Debtor's operating entities.

4.3 <u>Disbursing Agent</u>: The Debtor shall be the Disbursing Agent and shall comply with all payments, withholding and reporting requirements imposed by Federal, State and local authorities, and all distributions made under the Plan shall be subject to such payments, withholding and reporting requirements. **THE DISBURSING AGENT WILL NOT BE BONDED**.

## ARTICLE V
## EXECUTORY CONTRACTS

5.1 Any Executory Contract not previously terminated or rejected to which the Debtor is a party shall be deemed assumed on the Effective Date under Sections 365 and 1123(c) of the Bankruptcy Code.

## ARTICLE VI
## GENERAL PROVISIONS

6.1 <u>Creditors' Committee</u>: No Official Committee of Unsecured Creditors has been appointed in this Chapter 11 case.

All notices and correspondence should therefore be forwarded, in writing, to:

BARR LEGAL PLLC
Counsel to the Debtors
80 Red Schoolhouse Road, Suite 110
Chestnut Ridge, N.Y. 10977

(845) 352-4080
Attn.:  Harvey S. Barr, Esq.

or if to the Disbursing Agent, in writing, to:

Michael T. Doyle
7 Linden Court
New City, NY 10956

6.2    Power of Reorganized Debtor:    After the Effective Date, the powers of the Reorganized Debtor shall include, but not limited to, the following:

a)    Review of all Claims and proposed distributions to holders of Claims pursuant to the Plan;

b)    Review and participation in all pending and further litigation before the Bankruptcy Court;

c)    Authority to make any objections to Claims, where appropriate, as well as authority to commence adversary proceedings in the Debtors' name with respect to avoidance and other actions under Chapter 5 of the Bankruptcy Code; and

d)    Such other responsibilities and obligations as may be vested in a Debtor or as he may assume pursuant to order of the Bankruptcy Court or pursuant to this Plan or the Bankruptcy Code.

**ARTICLE VII**
**PAYMENT OF CLAIMS**

7.1    Unclaimed Funds: If any Distribution check to the holder of an Allowed Claim has not been presented to the bank upon which such check was drawn within ninety (90) days after mailing of such check by the Disbursing Agent to the creditor's last known address and the creditor has failed to notify the Disbursing Agent within such ninety (90) days that it has not received the monies represented by such check, such unclaimed

check may be stopped. After the expiration of six (6) months from the date of the initial Distribution, all Unclaimed Distributions shall be deemed unclaimed property under Section 347(b) of the Code and revert to the Reorganized Debtor.

7.2     Withholding and other Taxes:  The Disbursing Agent shall be entitled to withhold any federal or state withholding taxes or other deductions required by law from any payments with respect to Allowed wage Claims, if any.

7.3     Disputed Payments:  In the event of any dispute between or among holders of Claims seeking to receive or retain any payment to be made under the Plan, the Debtor, as Disbursing Agent, in lieu of making such payment to any such holder(s) of an Allowed Claim may, in his sole and absolute discretion, instead may make such payment into an escrow account for eventual payment as ordered by the Court, or as the parties to such dispute may otherwise agree among themselves.

7.4     Payment by Check:  Payments made by the Disbursing Agent pursuant to the Plan shall be made by check drawn on a domestic bank.

7.5     Fractions of Cents:     Any other provision of the Plan to the contrary notwithstanding, no payments of fractions of cents will be made. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent (up or down).

## ARTICLE VIII
## CONFIRMATION AND DISCHARGE

8.1     Confirmation:      Confirmation shall be governed by § 1141 of the Bankruptcy Code and the Debtor's discharge shall be governed by §§ 1141 (d)(1) and 1141(d)(5) of the Bankruptcy Code. In addition, § 1141(d)(5) and §1141(d)(2) of the

Bankruptcy Code shall apply. The Debtor seeks a discharge pursuant to that provision, as explained in Article VIII, Section D, Paragraph 2 and Article X, Section C of the accompanying Disclosure Statement.

8.2 <u>Vesting of Assets</u>: Upon the Effective Date, pursuant to section 1141(b) and (c) of the Bankruptcy Code, all property of the estate of the Debtor, including real estate, shall vest in the Reorganized Debtor free and clear of all claims, liens, encumbrances, charges, and other interests, except as provided herein. From and after the Effective Date, the Reorganized Debtor may operate his business and may use, acquire, and dispose of their property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules in all respects as if there was no pending case under any chapter or provision of the Bankruptcy Code, except as provided herein.

8.3 <u>Discharge of Claims</u>: Except as otherwise provided herein, or in the Confirmation Order, the rights afforded in the Plan and the payments and distributions to be made hereunder shall be in exchange for and in complete satisfaction, discharge, and release of all existing debts and Claims of any kind, nature, or description whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor, individually, or any of his assets or properties to the fullest extent permitted by section 1141(d)(5) of the Bankruptcy Code and as set forth in paragraph 8.1 above. The Debtor will not be discharged from any debt excepted from discharge under section 523 of the Code, except as provided in Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure. Except as provided in the Plan, upon full performance of the Plan, all existing Claims against the Debtor shall be deemed to be discharged and terminated, and all holders of Claims (including, any trustees and agents on behalf of each holder) shall be

precluded and enjoined from asserting against the Reorganized Debtor, or any of his assets or properties, any other or further Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim.

## ARTICLE IX
## CLAIMS BAR DATE, OBJECTIONS AND RESERVATION OF RIGHTS

9.1    <u>Claim Objections</u>:    Debtor may object to one or more Claims filed in this case.  All Claims objections shall be filed within Sixty (60) days from the Confirmation Date.

9.2    <u>Disputed Claim:</u>    In the event that any Impaired Class of Claim holders with Allowed Claims against the Debtors' estate shall fail to accept the Plan in accordance with § 1129(a)(8) of the Bankruptcy Code, the Debtor reserves the right to request the Bankruptcy Court to confirm the Plan in accordance with Sections 1129(b) of the Bankruptcy Code.

## ARTICLE X
## ADMINISTRATIVE COSTS AND EXPENSES

10.1   <u>Administrative Costs and Expenses</u>: All requests for payment of administrative costs and expenses permitted under Bankruptcy Code § 503(b) (except for trade debt incurred in the ordinary course of business and applications under § 330(a) for final compensation of professionals for services rendered in this Chapter 11 case shall be filed with the Bankruptcy Court and counsel for the Debtor, BARR LEGAL PLLC, 80 Red Schoolhouse Road, Suite 110, Chestnut Ridge, New York, 10977, Attn: Harvey S. Barr, Esq., no later than Sixty (60) days after notice of the Confirmation Date, or such earlier date as maybe set by the Court.  **Any such Claim,  not so filed, shall be forever**

**barred**.  Objections, if any, shall be filed and served no later than thirty (30) days thereafter.

**ARTICLE XI**
**RETENTION OF JURISDICTION**

11.1   The Bankruptcy Court shall retain jurisdiction of this Chapter 11 case:

a)      To determine all controversies relating to or concerning the allowance of Claims upon objection to such Claims by any party in interest;

b)      To determine requests for payment of Administrative Claims including any and all applications for compensation for professional expenses and similar fees;

c)      To determine and, if necessary, liquidate, all Claims arising from the rejection of any Executory Contracts, and any cure claims in connection with the assumption of any Executory Contracts.

d)      To determine any and all applications, adversary proceedings, and contested or litigated matters over which the Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334;

e)      To determine all disputed, contingent or unliquidated Claims;

f)      To modify this Plan pursuant to § 1127 of the Bankruptcy Code, or to remedy any defect or omission or reconcile any inconsistencies in this Plan or Confirmation Order to the extent authorized by the Code;

g)      To grant Michael T. Doyle a discharge, upon completion of all payments under the Plan, and after notice and a hearing pursuant to § 1141 (d) (5) of the Bankruptcy Code.

h)      To make such orders as are necessary or appropriate to carry out the provisions of this Plan;

i)      To resolve controversies and disputes regarding the interpretation or enforcement of the terms of this Plan; and

j)      To enter a final decree closing this Chapter 11 case.

**ARTICLE XII**
**POST EFFECTIVE DATE FEES AND**
**EXPENSES OF PROFESSIONALS**

12.1 Unless otherwise provided for in the Confirmation Order or other order of the Court, fees and expenses incurred for services rendered to the Debtor by one or more of his professionals retained in this case (in furtherance of carrying out the terms and conditions of this Plan), including, but not limited to, the Professional Persons, following the Effective Date shall be paid without the need for approval of the Bankruptcy Court and as provided herein. Fees and expenses of such professionals shall be paid by the Debtor within fifteen (15) days from the date of the invoice (unless objected to by the Debtor or his counsel).  Such invoice must be served upon the Debtor and the attorney for the Debtor.  If there is a dispute as to any invoice, which is not resolved, such dispute shall be submitted to the Bankruptcy Court for determination.  The uncontested portion of such invoice shall be paid on the fifteenth (15th) day, as set forth above.  The Court shall retain jurisdiction to resolve any disputes with respect to post Effective Date fees and expenses.

## ARTICLE XIII
## ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF
## REJECTION BY ONE OR MORE CLASSES OF CLAIMS

13.1 <u>Impaired Class</u>: Each Impaired Class of Claim holders with Claims against the Debtors' estate shall be entitled to vote separately to accept or reject the Plan.

13.2 <u>Acceptance</u>: A Class of Claim holders shall have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in the aggregate dollar amount, and more than one-half (1/2) in number of holders of the Allowed Claims of such class that have accepted or rejected the Plan.

13.3 <u>Reservation of Rights</u>: In the event that any Impaired Class of Claim holders with Allowed Claims against the Debtors' estate shall fail to accept the Plan in accordance with § 1129(a)(8) of the Bankruptcy Code, the Debtor reserves the right to request the Bankruptcy Court to confirm the Plan in accordance with § 1129(b) of the Bankruptcy Code.

## ARTICLE XIV
## <u>EVENTS OF DEFAULT</u>

14.1 The failure by the Debtor to comply with or to perform any material provision of this Plan, and the continuance of such failure for forty-five (45) days after notice thereof to the Debtor and his counsel shall constitute an Event of Default under this Plan. If an Event of Default shall occur, a party-in-interest shall have the right to apply to the Court for conversion of the case to a case under Chapter 7 of the Code, or otherwise to enforce this Plan.

## ARTICLE XV
## CONDITIONS TO CONSUMMATION OF THE PLAN

15.1    The Effective Date of the Plan is subject to the condition that an Order of the Court has been entered, which has become a Final Order confirming the Plan and any amendments hereto.

## ARTICLE XVI
## EXCULPATION

**16. Except as, and only to the extent, otherwise expressly provided in this Plan or Section1125(e) of the Bankruptcy Code, the Debtor's professionals shall be released from and discharged from and have no liability for actions taken or omitted to be taken under or in connection with the Plan or in connection with the Chapter 11 case or the operation or the administration of the Debtor during the Chapter 11 case that arise out of such person or entities relationship with or work performed for the Debtor on or prior to the Effective Date, other than claims which constitute (i) claims specifically preserved pursuant to this Plan, and (ii) claims that arise from obligations created under or in connection with this Plan, (iii) rights pursuant to this Plan or any agreement provided for or contemplated in this Plan; provided, however, that the foregoing release provisions shall not apply to such entities' gross negligence, willful misconduct, malpractice or breach of fiduciary duty.**

## ARTICLE XVII
## <u>INJUNCTION</u>

17.1    Except as otherwise expressly provided in the Plan including with respect to all distributions to be made under the Plan and the enforcement thereof, any and all entities who have held, hold or may hold Claims or Interests against the Debtor (Michael T. Doyle) shall as of the Confirmation Date be enjoined from:

(a)    commencing, conducting or continuing in any manner, any suit, action or other proceeding of any kind (including, without limitation, in any judicial arbitral, administrative or other forum) against the Debtor arising out of any act or omission of the Debtor;

(b)    enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collection or otherwise recovering by any manner or means, whether directly or indirectly of any judgment, award, decree or order against the Reorganized Debtor with regard to such entities' Claim against the Debtor;

(c)    creating, perfecting or otherwise enforcing, in any manner, directly or indirectly, any post-Confirmation Date encumbrance of any kind against the Debtor, the property of the Debtor, or any successor-in-interest to the Debtor;

(d)    asserting any set off, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the Debtor, or against any property of the Debtor;

(e)    acting in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

## ARTICLE XVIII
## NOTICES

18.1    Whenever it is provided that any notice, demand, request, acceptance, rejection or any other communication shall be given to or served upon any of the parties by any other, each such communication shall be sent:

| | |
|---|---|
| If to the Debtor and<br>Disbursing Agent: | Michael T. Doyle<br>7 Linden Court<br>New City, NY 10956 |

and

| | |
|---|---|
| Attorneys for Debtors: | BARR LEGAL PLLC<br>Attn.:  Harvey S. Barr, Esq.<br>80 Red Schoolhouse Road, Suite 110<br>Chestnut Ridge, NY 10977<br>Tel.:  (845) 352-4080<br>Fax:  (845) 352-8865 |

and

| | |
|---|---|
| If to the U.S. Trustee: | Office of the U.S. Trustee<br>Attn:  Andrew D. Velez Rivera, Esq<br>201 Varick Street, Room 1006<br>New York, NY  10014<br>Tel:  (212) 510-0500<br>Fax:  (212) 668-2255 |

If to the holder of an Allowed Claim, at the address set forth in its Allowed proof of Claim or, if none, at its address set forth in the Schedules prepared and filed with the Court pursuant to Rule 1007(b).

18.2    Notice Date and Change of Address.    Notices are deemed given when mailed.  Any person may change the address at which he, she, or it is to receive notices under this Plan by sending written notice to the Debtor and his counsel, or to the person to charged with the knowledge of such change.

18.3   Confirmation Order.        Notice of the entry of the Confirmation Order shall be sufficient if a copy of the notice, without attaching such order, is mailed to all known holders of Claims, whether or not allowed, to their last known address.

## ARTICLE XIX
## MISCELLANEOUS PROVISIONS

19.1   Effectuating Documents and Further Transactions.   The Reorganized Debtor is authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take such action as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

19.2   Amendment or Modification of the Plan. Alterations, amendments, or modifications of or to the Plan may be proposed in writing by the Debtor at any time prior to the Confirmation Date, provided that the Plan, as altered, amended, or modified, satisfies the conditions of sections 1122 and 1123 of the Bankruptcy Code, and the Debtor shall have complied with section 1125 of the Bankruptcy Code. The Plan may be altered, amended, or modified at any time after the Confirmation Date and before Substantial Consummation, provided that the Plan, as altered, amended, or modified, satisfies the requirements of Sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as altered, amended, or modified, under Section 1129 of the Bankruptcy Code and the circumstances warrant such alterations, amendments, or modifications.   A holder of a Claim or Interest that has accepted the Plan will be to have accepted the Plan, as altered, amended, or modified, if the proposed alteration, amendment, or modification does not materially and adversely change the treatment of the Claim or Interest of such holder.

19.3 <u>Revocation or Withdrawal of the Plan.</u> The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date. If the Debtor revokes or withdraws the Plan prior to the Confirmation Date, then the Plan shall be null and void. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims or Interests by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor.

19.4 <u>Abandon Assets.</u> The Debtor may, in accordance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, abandon, on fifteen (15) days' notice to the Bankruptcy Court and any party that has filed a notice of appearance in this case, any property which the Debtor, in the exercise of his reasonable discretion, deem to be of *de Minimis* value or burdensome to the Debtor's estate.

19.5 <u>Computation of Time.</u> In computing, any period of time prescribed or allowed by the Plan, the day of the act or event from which the designated period begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next succeeding business day, which is not one of the aforementioned days.

19.6 <u>Severability</u>. If, prior to the entry of the Confirmation Order, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court, at the request of the Debtor, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid,

void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

19.7 <u>Governing Law</u>. Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit or schedule hereto provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.

19.8 <u>Binding Effect</u>. The Plan shall be binding upon and inure to the benefit of the Debtor, the holders of Claims and Interests, and their respective successors and assigns, including, without limitation, the Reorganized Debtor.

19.9 <u>Exhibits/Schedules</u>. All exhibits and schedules to the Plan will be incorporated into and are a part of the Plan as if set forth in full herein.

19.10 <u>Admission Against Interest</u>. Neither the filing of the Plan, nor any statement or provision contained herein, nor the taking by any creditor of any action with respect to the Plan shall be deemed an admission against interest. In the event Confirmation does not occur, neither the Plan nor any statement contained herein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside the case involving the Debtor.

**ARTICLE XX**
**CLOSING OF THE CASE**

20.1    On or after the Confirmation Date, this Chapter 11 case may be closed.  To close the case, the Debtor shall file an application and upon full performance a subsequent application to reopen the case for a Final Decree showing that the case has been fully administered, and that the Plan has been substantially consummated. The Debtor reserves the right to reopen the case after the Plan is performed to request discharges as provided for in Article XI, paragraph 11.1(g) of this Plan.

Dated:          January 31, 2023

By:__s/_____
          Michael T. Doyle


BARR LEGAL PLLC
Attorneys for Debtors

By:__s/_____
Harvey S. Barr, Esq. (HSB3100)
80 Red Schoolhouse Road, Suite 110
Chestnut Ridge, NY 10977
(845) 352-4080

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

MICHAEL T. DOYLE.,                                    Case No. 19-23231 (SHL)

                                    Debtor.                    Chapter 11


-----------------------------------------------------------------X

## BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION

Barr Legal, Pllc., counsel for Michael T. Doyle (the "Debtor"), filed a Plan of Reorganization dated January ____, 2023 (the "Plan") for the Debtor in this case. The Court has conditionally approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from:

Barr Legal, Pllc
80 Red Schoolhouse Road, Suite 110
Chestnut Ridge, NY 10977
845-352-4080 (tel.)
845-352-8865 (fax)
hbarr@barrlegal.com

Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class 1, 3 or 4 under the Plan. If you hold claims or equity interest in more than one class, please file a ballot for each class in which you are entitled to vote.

If your ballot is not received by Barr Legal, Pllc., 80 Red Schoolhouse Road, Suite 110, Chestnut Ridge, New York, 10977, on or before 5:00 p.m., _____, 2023 and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

The undersigned, the holder of a Class _____ claim against the Debtor:

☐ Accepts the plan
☐ Rejects the plan

Dated:_____

Print or type name:

Signature: _____ Title: _____
(if corporation or partnership)

Address: _____

_____

Return this ballot to: Barr Legal, Pllc
            80 Red Schoolhouse Road, Suite 110
            Chestnut Ridge, NY 10977
            845-352-4080 (tel.)
            845-352-8865 (fax)
            hbarr@barrlegal.com

**Exhibit C**

# SUMMARY OF INCOME
## 2020 - 2023

|  | A | B |
|---|---|---|
| 1 | Year | Debtor's adjusted gross income |
| 2 | 2017 | 138,207.00 |
| 3 | 2018 | 170,953.00 |
| 4 | 2019 | 227,337.00 |
| 5 | 2020 | 74,403.00 |
| 6 | 2021 | 58,221.00 |
| 7 | 2022 | Pending |
| 8 |  |  |
| 9 |  |  |
| 10 |  | Summary of gross sales of Walkinstown, inc. Debtor's primary source of Income |
| 11 | Year | Gross |
| 12 | 2016 | 1,134,215.00 |
| 13 | 2017 | 1,140,819.00 |
| 14 | 2019 | 1,224,964 |
| 15 | 2020 | 196,278.00 |
| 16 | 2021 | 269,227.00 |
| 17 | 2022 | 1,528,497.00 |
| 18 |  | Debtor is confident that this business will increase as New York City returns to normal and the Javits Center produces more events |

**Exhibit D**

Projections

| | A | B | C |
|---|---|---|---|
| 1 | | Gross Projected Income | Funds available for Plan |
| 2 | September 1, 2023 | $130,000.00 | $50,000.00 |
| 3 | September 1, 2024 | $200,000.00 | $76,000.00 |
| 4 | September 1, 2025 | $250,000.00 | $95,000.00 |
| 5 | September 1, 2026 | $300,000.00 | $114,000.00 |
| 6 | September 1, 2027 | $350,000.00 | $133,000.00 |
| 7 | September 1, 2028 | $400,000.00 | $152,000.00 |
| 8 | | | |
| 9 | Debtor expects income to increase gradually each year, as the public returns to work and to visit |
| 10 | the area. Additionally, it is expected that the area will begin to grow as new projects are anticipated. |

**Exhibit E**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------X

In re:

MICHAEL T. DOYLE

                        Debtor

-----------------------------------------------X

**ORDER**

Chapter 11
Case No. 19-23231 (SHL)

**ORDER (1) CONDITIONALLY APPROVING DISCLOSURE STATEMENT FOR
TRANSMISSION TO HOLDERS OF CLAIMS, AND (2) SCHEDULING HEARING
TO CONSIDER (A) FINAL APPROVAL OF DISCLOSURE STATEMENT
PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE, (B)
CONFIRMATION OF SECOND AMENDED PLAN OF REORGANIZATION
PURSUANT TO SECTION 1129 OF THE BANKRUPTCY CODE, AND (C)
GRANTING RELATED RELIEF**

Upon the application of the above-captioned Debtor and Debtor in possession
(the "Debtor"), by his counsel, Barr Legal, PLLC., for an order under 11 U.S.C. §§
105(d)(2)(B)(vi) and 1125 conditionally approving the Disclosure Statement for a
Chapter 11 Plan of Reorganization; authorizing the solicitation of a provisional
acceptance or rejection of such plan; and, scheduling a combined hearing on final
approval of the disclosure statement and confirmation of such plan, and granting
related relief; and the Court having reviewed the Debtor's proposed disclosure
statement and plan; and the Debtor having filed a Plan of Reorganization, dated
January ___, 2023 (the "Plan") and a Disclosure Statement of even date (with the
exhibits thereto the "Disclosure Statement") and, after due deliberation, the Court
having determined that the Debtor may seek confirmation of the Plan, subject to final
approval of the Disclosure Statement after notice and a hearing as provided herein;
and good and sufficient cause appearing, therefore, it is hereby

**ORDERED**, that pursuant to 11 U.S.C. § 1125, the Disclosure Statement is
conditionally approved as contained adequate information under 11 U.S.C. §

1125(a)(1), subject to notice and final approval after the final hearing thereon; and it further

ORDERED, that pursuant to 11 U.S.C. § 105(d)(2)(B)(vi) and Fed. R. Bankr. P. 3017 and 3020, a hearing shall be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court , 300 Quarropas Street, White Plains, New York on _____, 2023 at 10:00am, or as soon thereafter as counsel may be heard, to (1) consider final approval of the Disclosure Statement pursuant to 11 U.S.C. § 1125,  and (2) consider the Debtor's request for confirmation of the Plain pursuant to 11 U. S. C. § 1129, together with such and further relief as is proper (the "Hearing"). The Hearing will be conducted remotely (parties should check the Court's website for instructions on remote hearings; as soon as possible after determining that there is an objection to final approval of the Disclosure Statement and/or confirmation of the Plan that will require an evidentiary hearing, the relevant parties shall contact chambers to discuss the platform and planning for such hearing and it is further

ORDERED, that pursuant to Fed. R. Bankr. P. 2017, on or before _____, 2023 the Debtor shall cause a copy of (a) this Order and (b) the Disclosure Statement and all exhibits thereto, including the Plan to be served upon all creditors, interest holders and other parties in interest as provided in Bankruptcy Rule 3017(d), together with (c) to all persons and entities entitled to provisionally vote to accept or reject the Plan, a provisional ballot conforming to Official Form B 314, with instructions on how to complete and return the provisional ballot; and it is further

ORDERED, that _____, 2023 is fixed as the last date for filing and serving written objections to (a) final approval of the Disclosure Statement and/or (b) confirmation of the Plan, which objections, if any, shall be filed with the Bankruptcy

Court on its Electronic Case Filing System at www.nysb.uscourts.gov (Login and Password required), with a copy delivered to Chambers, and served upon Barr Legal, PLLC., attorneys for the Debtor, 80 Red Schoolhouse Road, Suite 110, Chestnut Ridge, New York, 10977, **so as to be actually received by such date**. Objections filed and served after such date may not be considered; further, the Debtor may file and serve as provided herein a response to any such objections as to be received on or before two days before the Hearing; and it is further

      **ORDERED**, that to be eligible to be counted, the provisional ballot for acceptance or rejection of the Plan must be completed as set forth in the instructions on the ballot, signed and delivered to the address set forth on the ballot so **as to be actually received by _____, 2023** and the Debtor shall cause a ballot certification to be filed and provided to the Court's chambers on or before two days before the Hearing; and it is further;

      **ORDERED**, that if the Court finds that the Disclosure Statement does not contain adequate information on a final basis, or for any other reason, the Hearing on the Debtor's request for confirmation of the Plan scheduled hereunder may be adjourned to a later date by announcement in open court at the Hearing.

Dated: White Plains, New York
      _____ 2023

                                _____
                                Hon. Sean H. Lane
                                United States Bankruptcy Judge