UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re:

MICHAEL T. DOYLE

                 Debtor
-------------------------------------------------X

ORDER

Chapter 11
Case No. 19-23231 (SHL)

## STIPULATION MODIFYING AND REINSTATING MORTGAGE ON DEBTORS HOME LOCATED AT 32 LINDEN COURT, NEW CITY, NEW YORK 10956

Whereas, Michael T. Doyle (herein after Michael) is a Debtor in Possession in a Chapter 11 Proceeding pending in the Southern District of New York (19-23231 SHL), and,

Whereas, Karen Doyle (hereinafter Karen) is a non-debtor married to Michael, and

Whereas, Michael and Karen are the owners of 32 Linden Court, New City, New York 10956 as Tenants by the Entirety (hereinafter the Home) which is both their primary residence and,

Whereas, said home is subject to a first mortgage lien currently held by Citizen Bank, National Association and serviced by Wells Fargo Bank N. A., as servicing agent for Citizens Bank, National Association (hereinafter the Mortgage), which was duly recorded in the Rockland County Clerk's Office on June 1, 2006 as Instrument Number 2006-0029629 and being Loan Number 9603, and,

Whereas, Michael and Karen have defaulted in the payment of said Mortgage and,

Whereas, Michael has proposed a Plan of Arrangement in Chapter 11 Proceeding proposing to cure the said default, modify and extend the payment terms of the Mortgage, upon execution of this agreement and Confirmation of his Plan of Arrangement, and,

Whereas, Karen has agreed to pay Wells a principal payment in the sum of Fifty Thousand Dollars ($50,000.00) within Fourteen (14) days from the date that Michael's Plan of Arrangement is confirmed and an Order of Confirmation is entered, and,

Whereas, upon approval of this Stipulation Lender agrees to discontinue any outstanding litigation relative to this Mortgage; to withdraw its objections to the Confirmation of Michael's Plan and to cast its Ballot in favor of said Plan of Arrangement, subject to Michael requesting and obtaining the entry of an Order of Confirmation.

**IN CONSIDERATION OF THE MUTUAL PROMISES AND AGREEMENTS EXCHANGED,** the parties hereto agree (notwithstanding anything to the contrary contained in the Note or Mortgage), as follows:

1. As of May 1, 2023, the amount payable under the Note and the Mortgage (the "Unpaid Principal Balance") is $255,463.42 consisting of the unpaid amount(s) loaned to Borrowers by Lender.

2. Upon Karen, the non-debtor Spouse agrees to pay the sum of Fifty Thousand Dollars ($50,000.00) to Wells within Fourteen (14) Days of the entry of an Order confirming his Plan of Arrangement to be applied to the outstanding sums remaining, first to any outstanding payment arrearage by Wells, then to any outstanding principal due.

3. Borrowers promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.25%, from June 1, 2023, and Borrowers promises to make monthly payments beginning on the 1st day of June 2023, and continuing until

principal, interest, escrow and late charges of $2,094.07 are paid in full. The total arrearage as of June 1, 2023 is $176,565.29.

3/1/2020 – 6/1/2020 @ $4,284.13 = $17,136.52

7/1/2020 – 6/1/2021 @ $4,600.51 = $55,206.12

7/1/2021 – 6/1/2022 @ $4,408.21 = $52,898.52

7/1/2022 – 5/1/2023 @ $4,475.46 = $49,230.06

Late Charges = $2,094.07.

After the $50,000 is applied, the total arrearage will be $126,565.29. .

The yearly rate of 4.25% will remain in effect until the principal, interest, escrow and late charges of $2,094.07 are be paid in full. The ongoing monthly payment will consist of principal, interest and escrow. The total ongoing monthly payment will be $4,475.46 starting **June 1, 2023**. *The escrow portion of the payment may change in accordance with the yearly escrow analysis. The monthly arrearage payment will be $1,947.15. If on October 1, 2028 (the "Maturity Date"), Borrowers still owes amounts under the Note and the Mortgage, as amended by this Agreement, Borrowers will pay these amounts in full on the Maturity Date. If the loan is not paid in full by the maturity date, then Secured Creditor will have grounds to move for relief from the automatic stay to pursue its rights in state court.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrowers is not a natural person and a beneficial interest in Borrowers is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrowers notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrowers must pay all sums secured by the Security Instrument. If Borrowers fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrowers.

5. Borrowers agrees to comply with all other covenants, agreements, and requirements of the underlying Note and Mortgage, including without limitation, Borrowers covenants and agreements to make all payments of taxes, assessments, escrow items, impounds, and all other payments that Borrowers are obligated to make under the mortgage in an estimated amount monthly, together with the payment of Principal and Interest, which payment shall be Escrowed by the Lender and available to timely pay all such charges when due;

6. Borrowers understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Note and Mortgage relating to default in the making of payments shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Mortgage shall be and remain in full force and effect, except as herein modified, and none of the Borrowers obligations or liabilities under the Note and Security Mortgage shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Mortgage,

whether such rights or remedies arise thereunder or by operation of law, except as modified herein.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Mortgage..

(d) Borrowers agree to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrowers.

(e) The Parties may enter into a formal Mortgage Modification and Extension Agreement and/or record this Stipulation at their discretion.

In witness whereof, the Parties have set their hand and seal on the _5_ day of May/~~April~~, 2023.

_____
MICHAEL T. DOYLE

_____
KAREN DOYLE

WELLS FARGO BANK N.A. as Servicing Agent for Citizens Bank, National Association

BY: _____
Brittany J. Maxon, Esq.
Counsel for Wells Fargo Bank N.A.
as Servicing Agent for Citizens Bank, National Association

STATE OF NEW YORK

COUNTY OF ROCKLAND) ss.:

On the 5th day of May 2023, before me, the undersigned, a notary public in and for said state, personally appeared Michael T. Doyle and Karen Doyle, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacity, and that by their signatures on the instrument, the individuals, or the person upon behalf of which the individuals acted, executed the instrument.

_____
NOTARY PUBLIC

DAVID M. ASCHER
Notary Public, State of New York
No. 02AS6353517
Qualified in Rockland County
Commission Expires January 30, 20_23_

STATE OF NEW YORK)
COUNTY OF MONROE ) ss.:

On the 8th day of May in the year 2023, before me, the undersigned notary public, personally appeared Brittany J. Maxon, Esq., personally known to me and acknowledged to me that she executed the same in her capacity as an attorney associated with Woods Oviatt Gilman LLP, and that by her signature on the instrument, the individual executed the instrument.

_____
Notary Public

JENNIFER T. ABENHAIM
Notary Public, State of New York
Qualified in Monroe County
No. 02AB6240674
Commission Expires May 9, 2027